UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL ACTION NO. 3:25-CR-136-DPJ-LGI

BRET ALLAN NICHOLS

ORDER

This possession-of-child-pornography case is before the Court on two motions in limine filed by the United States. The first seeks a pretrial ruling allowing the Government to admit Defendant Bret Allan Nichols' prior conviction for production of child pornography. *See* Mot. [17]. That motion will be granted. The second seeks to prevent the public from viewing the Child Sexual Abuse Material (CSAM) Nichols is accused of possessing. *See* Mot. [21]. That motion requires additional briefing.

I.      Motion Regarding Prior Conviction

The one-count indictment charges Nichols with violating 18 U.S.C. § 2252(a)(4)(B), possession of child pornography. This was not his first charge related to CSAM. In January 2017, he was sentenced for violating 18 U.S.C. § 2251(a), production of child pornography. The Government seeks permission to introduce the prior conviction under Federal Rule of Evidence 414 or, alternatively, Rule 404(b). The motion is opposed.

A.      Rule 414

Rule 414 states: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). The Rule then defines "child molestation" to include "any conduct prohibited by 18 U.S.C. chapter

110." Fed. R. Evid. 414(d)(2)(B). Nichols's charge falls under Chapter 110, and there appears to be no dispute that the prior conviction is admissible under Rule 414. *See* Def.'s Resp. [23] at 1.

Though Rule 414 would allow this evidence, the question is whether the prior conviction should still be excluded under Rule 403. *See id*. As the Government notes, "Evidence admissible under Rule 414 is still subject to Rule 403's balancing test." Mot. [17] (citing Fed. R. Evid. 414(c)). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Nichols claims that the prior conviction loses probative value because he will stipulate to four of the five elements of the charged offense. The elements under § 2252(a)(4)(B) are:

> First: That the defendant knowingly possessed one or more [materials] that contained any visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment;

> Second: That the items were transported using any means or facility in or affecting interstate or foreign commerce;

> Third: That the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

> Fourth: That such visual depiction was of a minor engaged in a sexually explicit conduct; and

> Fifth: That the defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

5th Cir. Pattern Jury Instr. (Crim.) 2.85B (cleaned up).

The only element Nichols intends to dispute is the first. This, according to Nichols, leaves two questions for the jury—"(1) whether Mr. Nichols knowingly possessed material depicting a minor engaged in sexually explicit conduct, and (2) whether Mr. Nichols knew that the sexually explicit conduct involved a minor." Def.'s Resp. [23] at 2–3.

Nichols's stipulation does not diminish the probative value of the past conviction because that conviction is relevant to the element he disputes and not to the elements he intends to concede.  Just by disputing this charge, Nichols has placed his intent in issue.  *See United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005).  And he expressly states that he will dispute whether he "knowingly possessed" CSAM.  Def.'s Resp. [23] at 2.  As the Government correctly notes, the prior conviction speaks to "Defendant's propensity to commit the child pornography crime charged, as well as his prurient sexual interest in children, motive, intent, plan, and lack of mistake or accident."  Mot. [17] at 3.

Nichols cites no authority suggesting otherwise.  Nor does he attempt to distinguish the Government's Fifth Circuit authority.  *Id.* (examining *United States v. Abundiz*, 93 F.4th 825, 838 (5th Cir. 2024)).  In *Abundiz*, the defendant was convicted of sexually abusing a minor after the district court allowed evidence that the defendant had previously possessed child pornography. 93 F.4th at 828.  Unlike this case, Abundiz was never convicted for possession.  *Id.*  Abundiz argued on appeal that the evidence was unfairly prejudicial under Rule 403, but the Fifth Circuit found no clear error.  *Id.* at 834–35.

*Abundiz* is not an outlier.  The Fifth Circuit has addressed the same Rule 414 and Rule 403 issues in other cases decided under an abuse-of-discretion standard.  For instance, in *United States v. Moore*, the Government was allowed to introduce allegations that the defendant in a child-pornography case had molested his minor stepdaughter.  425 F. App'x 347, 352 (5th Cir. 2011).  The Government offered the evidence "to prove Moore's sexual interest in children."  *Id.* The district court considered the similar mental states required for the alleged molestation and the child-pornography charge and whether the proposed testimony was graphic or extensive.  *Id.*

3

Finding that it would help the jury determine whether the defendant committed the offense, the district court allowed the testimony over a Rule 403 objection, and the Fifth Circuit affirmed. *Id.*

The same thing happened in *United States v. Goff*, 155 F. App'x. 773, 776 (5th Cir. 2005). There, the defendant in a child-pornography case objected under Rule 403 to the admission of testimony that he possessed a copy of "Barely Legal." *Id.* Finding no abuse of discretion, the Fifth Circuit noted, "[I]t is implicit in the magazine's title that its photographic subjects will be as close in age to being 'illegal' as the First Amendment permits, and the magazine was relevant to showing that Goff had a 'knowing interest in child pornography.'" *Id.* (quoting *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995) (upholding admission of evidence that defendant possessed other materials demonstrating interest in child pornography)).

Nichols's case is no different. The Court finds that his prior conviction for producing child pornography is probative of his "knowing interest in child pornography." *Id.* Indeed, the prior conviction requires the same mental state as the charged offense and therefore speaks to Nichols's intent and propensity to view child pornography. And while the evidence may hurt his case, Rule 403 balances the risk of "unfair prejudice." Nichols has not shown that any unfair prejudice would substantially outweigh the significant probative value of this evidence.

That said, this ruling is not a green light to retry the original conviction. Substantial or graphic evidence about the earlier conviction might tip the Rule 403 scale. Accordingly, the Court will discuss how this evidence will be presented during the pretrial conference.

B.      Rule 404(b)

Because the evidence is admissible under Rule 414, Rule 404(b) merely adds weight. But because the parties address it, so will the Court. Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on

4

a particular occasion the person acted in accordance with the character." But "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Like the Rule 414 analysis, the Court must employ a two-step inquiry under Rule 404(b)(2). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). "Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403." *Id.*

As noted above, Nichols has expressly placed his intent in dispute, stipulating to every element except "whether [he] knowingly possessed material depicting a minor engaged in sexually explicit conduct." Def.'s Resp. [23] at 2. For the reasons stated in the last section, the prior conviction is relevant to the Rule 404(b)(2) exceptions—including intent—and does not violate Rule 403.

The Court therefore grants the Government's motion in limine and will allow it to introduce evidence that Nichols has a prior conviction for producing child pornography (subject to proper restrictions on the extent of this evidence).

II.      Motion to Limit Public Viewing of CSAM

Given the nature of the CSAM evidence, the Government moves in limine for an order limiting who can view it when introduced at trial. The motion sensibly seeks to limit the viewing to the jury, the Court, and the parties. *See* Mot. [21].

Defendant filed a "response in opposition" that never directly opposes that request. *See* Def.'s Resp. [24]. He instead seeks an in limine ruling that would prevent the Government from offering CSAM into evidence. That request is more appropriately viewed as a motion, so the

Court orders the Clerk of Court to separately docket it as a new motion.  The Government is instructed to file a response no later than March 25, 2026.

       **SO ORDERED AND ADJUDGED** this the 18th day of March, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE